ALL AMERICAN SUPPLY COMPANY, Respondent,

v.

FOUR SEASONS MECHANICAL, INC., Defendant,

and

Abigail Ferrari, Appellant.

No. WD 64064.

Missouri Court of Appeals, Western District.

Jan. 18, 2005.

Floyd ELLSWORTH, Appellant,

v.

DIRECTOR OF CHILD SUPPORT ENFORCEMENT, STATE OF MISSOURI, Respondent.

No. WD 63739.

Missouri Court of Appeals, Western District.

Jan. 18, 2005.

Seth D. Shumaker, Kirksville, MO, for appellant.

Trevor Bossert, Jefferson City, MO, for respondent.

Before NEWTON, P.J., LOWENSTEIN and HOLLIGER, JJ.

*ORDER*

Gabriel Domjan, Lee's Summit, for Appellant.

Gwendelyn Garcia, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Abigail Ferrari appeals the circuit court's summary judgment for All American Supply Company, holding her personally liable for the debts of Four Seasons Mechanical, Inc., because of a personal guaranty that she signed. Ferrari contends that the circuit court erred in granting summary judgment because the principal obligor of the guaranty was not Four Seasons Mechanical, and, therefore, she was not liable for any goods or services provided by All American Supply to Four Seasons Mechanical. Because the intent of the parties cannot be discerned from the four corners of the guaranty agreement, we reverse the circuit court's judgment and remand for further proceedings.

On June 29, 1998, Ferrari, as Four Seasons Mechanical's president, signed an application for credit with All American Supply. Beneath the credit application was a personal guaranty, which Ferrari signed on July 6, 1998. The personal guaranty instructed All American Supply to:

> Please sell and deliver to <u>Abigail J. Ferrari</u> of <u>Four Seasons Mechanical</u> or representatives, on your usual credit terms of sale, such goods, wares and merchandise as they or their representatives may order or select, and in consideration thereof I/We hereby fully Guarantee and hold myself/ourselves personally responsible for the prompt payment of the purchase price of all such goods, wares and merchandise so sold or delivered, whether evidenced by open account, acceptance, note or otherwise.[1]

---

1. The underlined portions were handwritten in the blanks provided on the guaranty agreement.

Ferrari included with the credit application a list of her personal assets, including personal cash reserves, personal bank accounts, personal property, personal employee information, and personal credit information. All American Supply approved Four Seasons Mechanical's credit application and granted it an open line of credit.

When Four Seasons Mechanical did not pay its account, All American Supply sued Four Seasons Mechanical and Abigail Ferrari. All American Supply contended that Four Seasons Mechanical was indebted to it for goods and services rendered in the amount of $42,966.45 plus interest. All American Supply also alleged that because of the personal guaranty Ferrari owed the same amount plus attorney fees. Because Four Seasons Mechanical failed to enter its appearance or file an answer, the circuit court entered a default judgment for $42,966.45 plus interest and costs against it.

All American Supply filed a motion for summary judgment against Ferrari on December 11, 2003. On April 7, 2004, the circuit court granted summary judgment on behalf of All American Supply and against Ferrari for the principal amount of $42,966.45 plus interest, $6444.97 in attorney fees, and costs. Ferrari appeals.

Our review of the circuit court's summary judgment is essentially *de novo*. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 376 (Mo. banc 1993). For summary judgment to be proper, the circuit court must determine that the parties are not disputing any issue of material fact and that the party seeking summary judgment is entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Finance*, 854 S.W.2d at 377. When we review an appeal of a summary judgment, we view the evidence in a light most favorable to the nonmoving party, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Finance*, 854 S.W.2d at 382.

On appeal, Ferrari asserts that the circuit court erred in granting summary judgment because the principal obligor of the guaranty was not Four Seasons Mechanical, and, therefore, she was not liable for any goods or services provided by All American Supply to Four Seasons Mechanical. She contends that the principal obligor of the guaranty was "Abigail J. Ferrari of Four Seasons Mechanical."

A guaranty is "a collateral agreement for another's undertaking and is an independent contract that imposes responsibilities different from those imposed in the agreement to which it is collateral." *Dunn Industrial Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 434 (Mo. banc 2003). "[T]he guaranty contract itself ... defines the obligations and rights of both the guarantor and guarantee." *Jamieson–Chippewa Investment Company, Inc. v. McClintock*, 996 S.W.2d 84, 87–88 (Mo.App.1999). "[T]he liability of a guarantor is to be strictly construed according to the terms of the guaranty agreement and may not be extended by implication beyond the strict letter of the obligation." *Dunn*, 112 S.W.3d at 434. Such strict construction, however, "does not entitle a guarantor to demand an unfair and strained interpretation of the words used in order that it may be released from the obligation that it has assumed." *Id.*

Ferrari's personal guarantee is ambiguous. This is because enforcing the guarantee as written would nullify the contract. If contract language that appears plain nullifies part of the contract when given effect, the contract is ambiguous. *Tuttle v. Muenks*, 21 S.W.3d 6, 9 (Mo.App. 2000).

Ferrari executed and became the principal obligor under the personal guarantee. The guaranty, however, obligated Ferrari to pay for all goods sold or delivered to her. Thus, according to the plain language of the personal guarantee, Ferrari guaranteed only her own contract. Such an interpretation is " 'redundant, illusory, absurd, and therefore unreasonable.' " *Standard Meat Company v. Taco Kid of Springfield, Inc.*, 554 S.W.2d 592, 596 (Mo. App.1977) (citation omitted). Ferrari cannot be both the obligor and the guarantor. Thus, the guarantee is ambiguous.

 Without more evidence, the parties' intent is unclear. Parol evidence is admissible to help explain or construe the terms of an ambiguous contract. *Jamieson–Chippewa*, 996 S.W.2d at 88–89. When the parties' intent is unclear and the language of their contract is ambiguous, a genuine issue of material fact exists. *Tuttle*, 21 S.W.3d at 9. In this case, more evidence is required before we can say that Ferrari personally guaranteed Four Seasons' debt as a matter of law.

Because an ambiguity exists and because the circuit court must use parol evidence to determine the parties' intent, summary judgment is not proper. *Id.* We, therefore, reverse the circuit court's judgment and remand for further proceedings.[2]

HAROLD L. LOWENSTEIN, Presiding Judge, and RONALD R. HOLLIGER, Judge, concur.

---

2. Because we reach this conclusion, we need not address Ferrari's remaining contentions on appeal.